IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GEORGE V. CHESTEEN, as TRUSTEE OF
GREEN HILLS REFUGE IRREVOCABLE
TRUST and as EXECUTOR of the VERNON R.
CHESTEEN ESTATE                                                                                          PLAINTIFF

V.                                                                     CIVIL ACTION NO. 1:13-CV-142-SA-SAA

STEVEN R. GIBSON, C.P.A.,
and STEVEN R. GIBSON, P.C.                                                                       DEFENDANTS

## ORDER GRANTING MOTION TO SET ASIDE DEFAULT JUDGEMENT

On August 5, 2013, Plaintiff George Chesteen filed a claim in this Court against Defendants to recover lost damages. At all times, Defendants' residence and principal place of business was in Colorado. Defendants were both served with separate summonses by certified mail, return receipt requested, on August 12, 2013. The return receipt was sent back to Plaintiff with Gibson's signature on both. After Defendants failed respond within twenty-one days of receiving the summonses, the Clerk of Court, at Plaintiff's request, filed entries of default [6, 7]. On December 12, 2013, the Clerk entered Default Judgment [12] against Defendants, awarding Plaintiff $539,594.00, plus post judgment interest and cost.

Plaintiff attempted to enroll the judgment in a Colorado state court, however, that court refused to acknowledge the default judgment on the basis that service of process was defective. Plaintiff now moves this Court to set aside the Default Judgment against Defendants so he can effectuate proper service and proceed in this lawsuit to satisfy the Colorado state court requirements.

In deciding whether to set aside default judgment, the Court looks to whether there was "good cause" for the party's lack of response. FED. R. CIV. P. 55(c). A party may be relieved

from final judgment if the party can show his failure to plead or defend was due to a "mistake, inadvertence, surprise, excusable neglect and if the judgment is void. . . . FED. R. CIV. P. 60(b)(1), (b)(4). A judgment is void if there was improper service of process. *See Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) (noting that "[w]hen a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void"). If the Court finds that there was improper service of process, "judgment must be set aside under Federal Rule of Civil Procedure 60(b)(4)." *Id.*

Pursuant to Rule 4(e)(1), a party may be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ." FED. R. CIV. P. 4(e).[1] Mississippi state law for serving persons outside of the state provides that in addition to serving summons by certified mail, with return receipt requested, "the envelope containing the summons and complaint shall be marked 'restricted delivery.'" MISS. R. CIV. P. 4(c)(5).

Plaintiff served summonses by certified mail, with return receipt requested, on Defendants in Colorado. However, as evidenced by the executed summonses placed on our docket, "restricted delivery" was not checked. Therefore, Plaintiff failed to comply with the service of process requirements set forth by the Mississippi Rules of Civil Procedure. Because the summonses and complaint were not marked "restricted delivery," the Court finds that service of process was not properly effectuated as to either Defendant, thus default judgment must be set aside under Federal Rule of Civil Procedure 60(b)(4).

---

[1] Defendant Seven R. Gibson, P.C is a corporation. Under Federal Rule of Civil Procedure 4(h)(1)(A) "a domestic . . . corporation . . . must be served . . . in a judicial district of the United States . . . in a manner prescribed by Rule 4(e)(1) for serving an individual . . . ."

Accordingly, Plaintiff's Motion to Set Aside Default Judgment is GRANTED, this case is REOPENED, and the time for proper service of process as to both Defendants begins as of the date of this Order.

SO ORDERED on this, the 10th day of August, 2015.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**