IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GEORGE V. CHESTEEN, as Trustee of
GREEN HILLS REFUGE IRREVOCABLE
TRUST, and as EXECUTOR of the
VERNON R. CHESTEEN ESTATE                                          PLAINTIFF

V.                                                    CAUSE NO.: 1:13CV142-SA-RP

STEVEN R. GIBSON, and
STEVEN R. GIBSON, P.C.                                             DEFENDANTS

MEMORANDUM OPINION

Defendant Steven R. Gibson, proceeding *pro se,* filed a Motion to Dismiss for failure to state a claim asserting that Plaintiff failed to file his claims within the three year statute of limitations provided for in Mississippi Code Section 15-1-49.

*Procedural History*

This case was filed in the Northern District of Mississippi on August 5, 2013. After summons were returned executed on both defendants on August 15, 2013, the Clerk of Court entered default as to both of them. Plaintiff moved for default judgment on a sum certain, and the Clerk entered that Default Judgment on December 12, 2013.

Some fifteen months later, the Plaintiff filed a Motion to Set Aside Default on March 17, 2015, on the basis that he was unable to enroll the judgment in Colorado. In particular, Plaintiff noted that the Colorado court refused to acknowledge the default as the service by certified mail failed to notate that it was "restricted delivery," thus, the Clerk had no jurisdiction to enter default. Because service was improper, the Plaintiff sought to reopen the Northern District of Mississippi action, correctly serve process, and proceed with the case.

The Court set aside the default judgment, reopened the case, and reissued summons. Plaintiff issued those summons by restricted delivery certified mail. Initially, Defendant Steven Gibson returned that summons "refused." The magistrate judge assigned this case extended Plaintiff's time to serve process, summonses were reissued, and Plaintiff was able to return them both executed in May of 2016.

Instead of filing an Answer, Defendant Steven R. Gibson filed the present Motion to Dismiss. Gibson claims that Plaintiff failed to bring his claims within the three year statute of limitations provided by Mississippi Code Section 15-1-49. Plaintiff responds that the statute of limitations was tolled by the filing of the August 5, 2013 complaint until December 3, 2015, the date on which Plaintiff was given to serve summons on Defendants after the default judgment was set aside by this Court.

*Motion to Dismiss Standard*

In ruling on a motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). When the issue is a statute of limitations defense, the court may order dismissal under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003); *see*

*Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366–70 (5th Cir. 1994) (dismissing claim as time barred under Rule 12(b)(6) where claim was filed after the applicable statute of limitations had run and the pleadings showed that plaintiff was not entitled to benefit of the discovery rule).

The parties acknowledge the applicable limitations period for Plaintiff's claims herein is three years[1] and agree that the accrual date for the claims is January 27, 2011, the date Plaintiff received a letter from the IRS indicating a disallowance of the tax deduction at issue. While federal law governs the determination of when Plaintiff's causes of action accrued, *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008), the Court applies state law regarding tolling, *id.* ("Just as we borrow the forum state's statute of limitations for § 1983 purposes, we borrow also the state's tolling principles").

*Discussion and Analysis*

Generally, in federal cases, filing a complaint with the court commences an action and tolls the applicable statute of limitations, even when the applicable statute of limitations is borrowed from state law. *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987) (citing *West v. Conrail*, 481 U.S. 35, 107 S. Ct. 1538, 1541, 95 L. Ed. 2d 32 (1987)); FED. R. CIV. P. 3. Indeed, the filing of a complaint even without service of process tolls the three-year statute of limitations for the 120–day period allowed pursuant to Mississippi Rule of Civil Procedure 4(h). *Parmley v. Pringle*, 976 So. 2d 422, 424 (Miss. Ct. App. 2008) (citing *Owens v. Mai*, 891 So. 2d 220, 223 (Miss. 2005)).

---

[1] Mississippi law provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of action accrued, and not after." MISS. CODE ANN. § 15-1-49(1) (Rev.2003).

Here, the initial complaint was filed on August 5, 2013, 174 days before the expiration of the three year statute of limitation.[2] The 120–day tolling period passed without process being *correctly* served. Service of process on a non-resident defendant may be effectuated by certified mail *only* with restricted delivery. MISS. R. CIV. P. 4(c)(5). Service of process by certified mail without restricted delivery amounts to no process at all. *DeCarlo v. Bonus Stores, Inc.*, 413 F. Supp. 2d 770, 774 (S.D. Miss. 2006) (service invalid of out-of-state defendant by certified mail without restricted delivery).

Since Plaintiff filed a complaint but failed to properly serve process within 120 days, the statute of limitations resumed running at the end of the 120–day tolling period. *Triple C Transport, Inc. v. Dickens*, 870 So. 2d 1195, 1199 (Miss. 2004)*; Fortenberry v. Mem'l Hosp. at Gulfport, Inc.*, 676 So. 2d 252, 254 (Miss. 1996). Therefore, the statute of limitations began running on the 121st day after the filing of the initial complaint – December 4, 2013. Only 174 days remained on the three year statute of limitations. Therefore, the statute of limitations on Plaintiff's claims expired on May 27, 2014, the 174th day after December 4, 2013. Plaintiff failed to comply with the statute of limitations under Mississippi Code Section 15-1-49. Accordingly, the Motion to Dismiss is GRANTED.

*Conclusion*

The magistrate judge issued an Order to Show Cause that indicated that the Fifth Circuit does not allow corporations to proceed pro se in litigation. That Order required Steven Gibson to respond as to whether he intended the motion to apply to himself or both himself and the corporation. He failed to so indicate. The Court notes that the Motion to Dismiss is filed only by

---

[2] The statute of limitations ran from January 27, 2011 to August 5, 2013, a span of 921 days. Therefore, 174 days remained in the statute of limitations.

"Defendant Steven R. Gibson", without any indication regarding the second corporate defendant. The proposed order submitted by Gibson only references Plaintiff's claims against Steven R. Gibson individually. Therefore, based on these facts before the Court and the failure of Gibson to respond to the Order to Show Cause [32], this Memorandum Opinion shall apply only to the claims against Steven R. Gibson, individually. Furthermore, the Court directs the Clerk to issue a Notice of Past Due Answer to Defendant Steven R. Gibson, P.C.

Steven R. Gibson's Motion to Dismiss [25] is GRANTED, and he is DISMISSED as a defendant to this action.

SO ORDERED, this the 3rd day of February, 2017.

                                      /s/ Sharion Aycock
                                      **U.S. DISTRICT JUDGE**