IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GEORGE V. CHESTEEN, as Trustee of
GREEN HILLS REFUGE IRREVOCABLE
TRUST, and as EXECUTOR of the
VERNON R. CHESTEEN ESTATE                                              PLAINTIFF

V.                                                          CAUSE NO.: 1:13CV142-SA-RP

STEVEN R. GIBSON, and
STEVEN R. GIBSON, P.C.                                                 DEFENDANTS

DEFAULT JUDGMENT

This case was filed in the Northern District of Mississippi on August 5, 2013. After

summons were returned executed on both defendants on August 15, 2013, the Clerk of Court

entered default as to both of them. Plaintiff moved for default judgment on a sum certain, and the

Clerk entered that Default Judgment on December 12, 2013.

Some fifteen months later, on March 17, 2015, the Plaintiff filed a Motion to Set Aside

Default on the basis that he was unable to enroll the judgment in Colorado. In particular, Plaintiff

noted that the Colorado court refused to acknowledge the default as the service to the Defendants

by certified mail failed to notate that it was "restricted delivery," thus, the Clerk had no

jurisdiction to enter default. Because service was improper, the Plaintiff sought to reopen the

Northern District of Mississippi action, correctly serve process, and proceed with the case.

The Court set aside the default judgment, reopened the case, and reissued summons.

Plaintiff issued those summons by restricted delivery certified mail. Initially, Defendant Steven

Gibson returned that summons "refused." The magistrate judge assigned this case extended

Plaintiff's time to serve process, summonses were reissued, and Plaintiff was able to return them

both executed in May of 2016.

In June of 2016, the Court entered an Order to Show Cause requiring Steven Gibson to show cause why a default should not be entered against Steven R. Gibson, P.C. That entity had failed to obtain licensed counsel of record to represent the corporation. The Magistrate Judge warned that if Steven R. Gibson, P.C., "fails to obtain counsel and have its attorney enter an appearance in this court by July 14, 2016, a default will be entered against it, which could result in entry of a default judgment against Steven R. Gibson, P.C." *Chesteen v. Gibson*, Cause No.: 1:13cv142-SA-SAA [32] (N.D. Miss. June 15, 2016).

No attorney of record entered an appearance on behalf of Steven R. Gibson, P.C.

Instead of filing an Answer, Defendant Steven R. Gibson filed a Motion to Dismiss. Gibson claimed that Plaintiff failed to bring his claims within the three year statute of limitations provided by Mississippi Code Section 15-1-49. Steven R. Gibson, P.C., did not join in that motion and has otherwise failed to assert that affirmative defense.

*Default Judgment Standard*

The Court may enter default judgment pursuant to Federal Rule of Civil Procedure 55 "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55. The Fifth Circuit has held, however, that "Rule 55(b)(2) does not require the district court to hold either an evidentiary hearing or oral argument on a motion for a default judgment," when the party in default has had "sufficient notice of the possibility that a default judgment would be entered against them." *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981).

*Discussion and Analysis*

Steven R. Gibson, P.C. has been duly served with the Summons and Complaint in this cause. An Entry of Default has been entered in this case [41], and Defendant Steven R. Gibson, P.C., has otherwise failed to plead or defend this action. Steven R. Gibson, P.C. has exhibited a history of not responding to and not complying with the Court's orders regarding obtaining counsel and appearing in this action. It has been warned of the consequences, including entry of default judgment, for failing to obtain counsel, failing to comply with the Court's orders, and failing to defend against the allegations. Sanctions other than default judgment would be meaningless in light of this history. Steven R. Gibson, P.C.'s conduct in this litigation is not the result of good faith or excusable neglect. The Court has given this Defendant ample opportunity to defend itself in this action, and it has failed to do so.

After due consideration of the Motion for Default Judgment, the record, and relevant legal authorities, the Court finds that Plaintiff's motion is well taken and should be granted. Based on the affidavit submitted and the entire record, the Court agrees with Plaintiff's calculation of damages. The Court hereby enters a default judgment against Steven R. Gibson, P.C., in the amount of $539,694.00, plus post-judgment interest at the legal rate until said Default Judgment is paid in full.

SO ORDERED, this the 30th day of March, 2018.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**